** PART I RE: ADVERTISEMENT OF BINGO GAMES BY RADIO BROADCASTERS
ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN ATTORNEY GENERAL OPINION REGARDING THE LEGAL PROPRIETY OF OKLAHOMA RADIO STATIONS BROADCASTING ADVERTISEMENTS FOR BINGO GAMES. THIS OFFICE HAS DETERMINED YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER.
FOLLOWING OUR TELEPHONE CONVERSATION TO DISCUSS YOUR REQUEST, I UNDERSTAND YOUR QUESTION TO BE THE FOLLOWING:
 MAY OKLAHOMA RADIO STATIONS BROADCAST ADVERTISEMENTS FOR BINGO GAMES OPERATED BY (1) INDIAN TRIBES, (2) INDIAN INDIVIDUALS OR (3) NON-INDIANS?
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
FEDERAL REGULATION Y
GENERALLY, BROADCASTING AN ADVERTISEMENT FOR GAMBLING IS A FEDERAL MISDEMEANOR, PUNISHABLE BY A FINE UP TO ONE THOUSAND DOLLARS ($1,000) AND IMPRISONMENT FOR NOT MORE THAN ONE YEAR. 18 U.S.C.A. 1304. IN ADDITION TO THESE CRIMINAL PENALTIES, A BROADCASTER WHO VIOLATES THE FEDERAL BAN ON GAMBLING ADVERTISEMENTS IS SUBJECT TO LICENSE REVOCATION AND ADMINISTRATIVE FINES UP TO TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000) IMPOSED BY THE FEDERAL COMMUNICATIONS COMMISSION. 47 U.S.C.A. 312 AND 47 U.S.C.A. 503.
SPECIFICALLY, FEDERAL LAW PROHIBITS KNOWINGLY BROADCASTING THE ADVERTISEMENT OF "ANY LOTTERY, GIFT ENTERPRISE, OR SIMILAR SCHEME, OFFERING PRIZES DEPENDENT IN WHOLE OR IN PART UPON LOT OR CHANCE." 18 U.S.C.A. 1304. A LOTTERY IS ANY ACTIVITY IN WHICH A PRIZE IS DISTRIBUTED BY CHANCE TO A PERSON WHO HAS PAID SOMETHING OF VALUE TO PARTICIPATE IN THE GAME. FEDERAL COMMUNICATIONS COMMISSION V. AMERICAN BROADCASTING CO., 347 U.S. 284, 74 S.CT. 593, 98 L.ED. 699, 706 (1954), REHEARING DENIED. A BINGO GAME FOR WHICH A FEE MUST BE PAID TO PLAY FALLS WITHIN THIS DEFINITION OF A LOTTERY. SEE. E.Q., CAPLES CO. V. UNITED STATES, 100 U.S.APP. D.C. 126, 243 F.2D 232 (1957).
THIS RESTRICTION ON BROADCAST CONTENT DOES NOT VIOLATE THE FIRST AMENDMENT'S GUARANTEES OF A FREE PRESS AND FREE SPEECH. NEW YORK STATE BROADCASTERS ASSOCIATION V. UNITED STATES, 414 F.2D 990 (2ND CIR. 1969), CERT. DENIED,396 U.S. 1061, 90 S.CT. 752, 24 L.ED.2D 755 (1970). AND IT IS ENTIRELY APPROPRIATE FOR THE GOVERNMENT TO RESTRICT OR BAN THE AIRING OF GAMBLING ADVERTISEMENTS EVEN THOUGH THE GAMBLING ACTIVITY ITSELF IS LEGAL. NEW YORK STATE BROADCASTERS, 414 F.2D AT 996.
UNTIL 1975, CONGRESS PROHIBITED ALL GAMBLING ADVERTISEMENTS, BUT BEGINNING IN THAT YEAR, THE FEDERAL LEGISLATURE BEGAN CREATING NARROW EXCEPTIONS TO THE BAN. TODAY, FEDERAL LAW ALLOWS BROADCASTERS TO AIR COMMERCIALS FOR GAMES OF CHANCE OPERATED BY:
 "1. THE STATE WHERE THE RADIO STATION IS LOCATED OR TO WHICH IT IS LICENSED TO BROADCAST SO LONG AS THE STATE OPERATES THE GAME PURSUANT TO STATE LAW;
 2. A NOT-FOR-PROFIT ORGANIZATION THAT QUALIFIES FOR TAX-EXEMPT STATUS UNDER 26 U.S.C.A. 501 SO LONG AS THE GAME IS NOT PROHIBITED BY THE LAW OF THE STATE WHERE IT IS PLAYED;
 3. A GOVERNMENTAL ORGANIZATION SO LONG AS THE GAME IS NOT PROHIBITED BY THE LAW OF THE STATE WHERE IT IS PLAYED;
 4. A COMMERCIAL ORGANIZATION FOR PROMOTIONAL PURPOSES SO LONG AS THE GAME IS NOT PROHIBITED BY THE LAW OF THE STATE WHERE IT IS PLAYED, IS CONDUCTED BY THE ORGANIZATION ONLY OCCASIONALLY, AND IS MERELY ANCILLARY TO THE ORGANIZATION'S PRIMARY BUSINESS;"
18 U.S.C.A. 1307, 47 C.F.R. 73.1211, OR
 "5. AN INDIAN TRIBE OPERATING UNDER THE INDIAN GAMING REGULATORY ACT."
25 U.S.C.A. 2720, 47 C.F.R. 73.1211.
STATE BINGO
FOR THE MOST PART, GAMES OF CHANCE ARE PROHIBITED IN OKLAHOMA. 21 O.S. 1051. BINGO IS ALLOWED FOR RELIGIOUS, CHARITABLE, LABOR, FRATERNAL, EDUCATIONAL, OR OTHER ASSOCIATIONS THAT:
"1. OPERATE WITHOUT A PROFIT TO THEIR MEMBERS;
 2. HAVE TAX-EXEMPT STATUS PURSUANT TO 26 U.S.C.A. 501(C)(3) THROUGH (10) OR (19);
3. HAVE EXISTED FOR AT LEAST TWO YEARS;
 4. HAVE BYLAWS CONCERNING OFFICERS' DUTIES, ELECTION OF OFFICERS, AND ADMISSION OF MEMBERS;
5. PROVIDE ONE VOTE PER MEMBER ON ASSOCIATION AFFAIRS, AND
6. DO NOT ALLOW ASSIGNMENT OF MEMBERSHIP RIGHTS."
3A O.S. 408 (1992).
BINGO ALSO MAY BE OPERATED BY HOSPITALS, NURSING HOMES AND CONVALESCENT FACILITIES FOR THEIR RESIDENTS. 3A O.S. 405(B) (1992). THESE HEALTH-CARE FACILITIES MAY CONDUCT BINGO GAMES ON A "REGULAR" BASIS. ID.
INDIAN BINGO
BECAUSE BINGO IS PERMITTED FOR THESE ORGANIZATIONS, ANY FEDERALLY RECOGNIZED INDIAN TRIBE IN OKLAHOMA MAY ALSO CONDUCT BINGO IF IT ADOPTS A TRIBAL ORDINANCE OR RESOLUTION PERMITTING SUCH GAMBLING AND SECURES THE NATIONAL INDIAN GAMING COMMISSION CHAIRMAN'S APPROVAL OF THAT ACT.25 U.S.C.A. 2710. THESE GAMES MUST BE OPERATED ON INDIAN LAND ACQUIRED BY THE TRIBE BEFORE OCTOBER 17, 1988, OR, FOR PROPERTY ACQUIRED BY THE TRIBE AFTER THAT DATE, ON INDIAN LAND WITHIN THE BOUNDARIES OF THE TRIBE'S FORMER RESERVATION OR CONTIGUOUS TO OTHER PROPERTY HELD FOR THE TRIBE IN TRUST OR RESTRICTED STATUS BY THE UNITED STATES. 25 U.S.C.A. 2719.
SINCE A RECOGNIZED INDIAN TRIBE MUST HAVE SOLE PROPRIETARY INTEREST IN THE BINGO OPERATION (25 U.S.C. 2710(B)(2)), INDIVIDUAL INDIANS ARE NOT PERMITTED TO CONDUCT BINGO IN THE STATE.
FEDERAL V. ADVERTISING REGULATION
LOOKING, THEN, ONLY TO OKLAHOMA BINGO LAWS AND FEDERAL BROADCASTING AND CRIMINAL STATUTES, IT APPEARS AN OKLAHOMA RADIO STATION MAY AIR ADVERTISEMENTS FOR BINGO GAMES OPERATED LAWFULLY IN THIS STATE BY ORGANIZATIONS THAT MEET THE SIX REQUIREMENTS OF 3A O.S. 408 (1992), LISTED ON PAGE 3 OF THIS LETTER. IT ALSO APPEARS, UNDER FEDERAL LAW, STATIONS MAY BROADCAST COMMERCIALS FOR INDIAN TRIBAL BINGO OPERATED PURSUANT TO THE INDIAN GAMING REGULATORY ACT.
WHETHER FEDERAL LAW WOULD PERMIT OKLAHOMA BROADCASTERS TO AIR ADVERTISEMENTS FOR GAMES OPERATED BY HEALTH-CARE FACILITIES PURSUANT TO 3A O.S. 405 (1992) IS A FACT-SPECIFIC QUESTION THAT CANNOT BE ANSWERED BY AN ATTORNEY GENERAL OPINION. BINGO OPERATED BY THESE FACILITIES COULD COME UNDER EITHER THE NOT FOR PROFIT CATEGORY OR PROMOTIONAL CATEGORY LISTED STARTING ON PAGE 2, BUT IF A FOR-PROFIT HEALTH-CARE ORGANIZATION RAN BINGO GAMES ON A REGULAR BASIS OR STRICTLY FOR THE AMUSEMENT OF ITS PATIENTS WITHOUT INTENDING TO PROMOTE THE FACILITY, THE GAMES COULD NOT BE ADVERTISED LAWFULLY ON RADIO.
HOWEVER, BEFORE FINALLY DECIDING WHETHER OKLAHOMA BROADCASTERS MAY AIR BINGO COMMERCIALS, IT IS NECESSARY TO LOOK AT AN ISSUE OF STATE LAW. ADVERTISEMENT OF LOTTERIES IS PROHIBITED IN THIS STATE. 21 O.S. 1056.2 (1991) SUCH ADVERTISING IS PUNISHABLE BY A FINE OF ONE THOUSAND DOLLARS ($1,000) TO FIVE THOUSAND DOLLARS ($5,000) AND IMPRISONMENT FOR TWO YEARS. 21 O.S. 1068 (1991).
ALTHOUGH THE COMMUNICATIONS ACT OF 19343 GRANTS FAR-REACHING AUTHORITY TO THE FEDERAL COMMUNICATIONS COMMISSION TO REGULATE THE BROADCASTING INDUSTRY, CONGRESS HAS NOT PREEMPTED THE FIELD AS IT COULD HAVE THROUGH THE SUPREMACY CLAUSE.4 SEE, 47 U.S.C. 152(B). STATES MAY STILL REGULATE ADVERTISING ON BROADCAST RADIO AND TELEVISION. HEAD V. NEW MEXICO BOARD OF EXAMINERS IN OPTOMETRY, 374 U.S. 424,83 S.CT. 1759, 10 L.ED.2D 983 (1963). THIS IS SO EVEN IF THE REGULATION MAY TOUCH INTERSTATE COMMERCE. HEAD, 374 U.S. AT 429, 10 L.ED.2D AT 988. STATES, HOWEVER, DO NOT HAVE THE SAME ABILITY TO REGULATE ADVERTISING ON CABLE-TELEVISION OUTLETS BECAUSE THE FEDERAL COMMUNICATIONS COMMISSION, ACTING UNDER AUTHORITY GRANTED IT BY CONGRESS, HAS EXPRESSLY PREEMPTED THAT FIELD. CAPITAL CITIES CABLE. INC. V. CRISP,467 U.S. 691, 104 S.CT. 2694, 81 L.ED.2D 580 (1984).
BECAUSE THE HEAD DECISION REMAINS VALID LAW (CAPITAL CITIES CABLE, 467 U.S. AT 705, 81 L.ED.2D AT 593 N. 10), OKLAHOMA'S BAN ON GAMBLING ADVERTISING WILL PROHIBIT STATE RADIO AND TELEVISION BROADCASTERS FROM AIRING COMMERCIALS FOR BINGO UNLESS IT IS DETERMINED (1) THE STATE AND FEDERAL STATUTES ARE IN DIRECT CONFLICT OR (2) OKLAHOMA'S BAN DENIES LOCAL STATIONS EQUAL PROTECTION OF THE LAW.